UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § § § |
| v. | § § § Crim. Action No. SA-15-CR-269-XR |
| LAURIE MAYFIELD, | § § § |
| *Defendant.* | § § § |

### ORDER

On this day came on to be considered David L. Mayfield's motions to quash subpoena duces tecum (docket nos. 68 and 71).[1]

### Background

Laurie Mayfield pled guilty to wire fraud in violation of 18 U.S.C. § 1343. On January 27, 2016, she was sentenced to 24 months imprisonment and ordered to pay restitution in the amount of $817,892.32. The superseding indictment charged her with concealing an out of balance account (outage) in the general ledger of D'Hanis State Bank from 2004 through 2014. Laurie Mayfield was employed by the bank as the bank cashier and later as its President. The bank was purchased in 2014 by VB, a bank holding company. Count One of the superseding indictment alleged that Laurie Mayfield provided false information (the incorrect ledger account) to VB with the intent to defraud VB into purchasing the bank.

On February 17, 2016, a subpoena duces tecum was sent to Wells Fargo Bank commanding that it produce to the Government all records in its possession regarding any mortgage or loan secured on certain Center Point property located in Fredericksburg, Texas. The

---

[1] David Mayfield is not a defendant in this case. He files this motion to quash pursuant to Fed. R. Civ. P. 45(c).

1

Government was seeking this information in pursuit of its restitution collection efforts. Because David Mayfield is a co-owner of the property, he was also provided notice of the subpoena.

David Mayfield argues that the subpoena should be quashed because he allegedly is the sole owner of the property in question. Sometime in 2005 David and Laurie became married. Prior to their marriage they entered into a Premarital Agreement. In that agreement, Laurie acknowledged that a residence on Center Point Road and 26.26 acres was David's separate property.

The Government responds that both the Defendant and David Mayfield are named in the Deed of Trust. The Government asserts that discovery into the documents held by Wells Fargo is necessary to determine whether Laurie Mayfield made any payments on the property and what the source of those funds may have been.

**Analysis**

The Government has a right to discover information pertaining to Laurie Mayfield's ability to satisfy the restitution order entered in this case. *See FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). The subpoena issued to Wells Fargo Bank is a legitimate tool for post-judgment discovery. *See United States v. Parlin*, No. 3–03–CR–162–D, 2010 WL 1903991 at *1 (N.D. Tex. May 10, 2010).

In order to justify quashing the subpoena, David Mayfield must show that the government seeks privileged or otherwise protected information. See Fed. R. Civ. P. 45(c)(3)(A)(iii). None of the bank records subpoenaed by the government are inherently privileged or confidential. *See, e.g. Parlin*, 2010 WL 1903991 at *2 (account signature cards and applications, monthly bank statements, deposit and withdrawal slips, wire transfer records, and

loan or credit applications are not inherently privileged or confidential); *SEC v. W Financial Group*, LLC, No. 3–08–CV–0499–N, 2009 WL 636540 at *1 (N.D. Tex. Mar. 9, 2009) (citing cases) (noting that there is no legitimate expectation of privacy in the contents of checks, deposit slips, or bank statements).

A court must deny a motion to quash if there is demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry. *See* 12 U.S.C. § 3410(c). The showing of relevance need not be substantial and any records that "touch on a matter under investigation" are considered relevant. *See Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). Despite David Mayfield's arguments that he is the sole owner of the property in question, the Government has provided copies of a Deed of Trust dated January 18, 2011 regarding the Center Point property. In that document David and Laurie are noted as borrowers. Accordingly, there is both a factual and legal question as to whether David is the sole owner. That determination does not need to be made at this time inasmuch as the Government need only establish at this time that there is a reasonable belief that the records sought are relevant to their inquiry.

## Conclusion

David L. Mayfield's motions to quash subpoena duces tecum (docket nos. 68 and 71) are denied.

SIGNED this 29th day of March, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE