UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Crim. Action No.  SA-15-CR-269-XR |
| LAURIE MAYFIELD, | § § § | |
| *Defendant.* | § | |

**ORDER**

On this date came to be considered the Motion to Compel Defendant to Answer Deposition Questions. (Doc. No. 83).  The Defendant was ordered to pay restitution and attempted to depose the Defendant regarding her assets.  She refused to answer any questions and asserted a blanket assertion of privilege based upon the Fifth Amendment.

The Court has carefully considered the Government's motion and finds it should be granted in part.

IT IS ORDERED that Defendant shall answer questions at a rescheduled deposition and shall not interpose a blanket assertion of the Fifth Amendment.  "A blanket refusal to answer questions at depositions on the grounds that they are privileged is an improper invocation of the Fifth Amendment." *Securities and Exchange Comm'n v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).  "Whether a party is entitled to invoke the Fifth Amendment is not a determination for the party, and instead is a question for the Court after conducting 'a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded.'  Even where a party has a legitimate claim of privilege with respect to certain questions or lines of inquiry, that person may

not be entitled to invoke his privilege to remain totally silent.  Only where the court finds that a witness could 'legitimately refuse to answer essentially all relevant questions,' because of the threat of incrimination from any relevant questioning is a person totally excused from responding to relevant inquiries.  Otherwise, a person is entitled to invoke the privilege '(o)nly as to genuinely threatening questions....  Therefore, a blanket invocation of the fifth amendment privilege is insufficient to relieve a witness of the responsibility to answer questions posed during discovery and to claim the privilege with respect to each inquiry." *Gabarick v. Laurin Mar. (Am.), Inc.*, 274 F.R.D. 208, 211 (E.D. La. 2011).

IT IS FURTHER ORDERED that Defendant be taxed $515.00 for the cost of the first deposition.  IT IS FURTHER ORDERED that after the rescheduled deposition takes place should the Defendant invoke a Fifth Amendment privilege as to a particular question(s), the Court will review in chambers those questions and any argument from counsel as to whether the privilege was properly invoked.

IT IS FURTHER ORDERED that after the rescheduled deposition takes place, the United States is directed to file an advisory to the Court containing costs incurred from taking the rescheduled deposition, at which time the Court may tax those costs against Defendant.

SIGNED this 14th day of April, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE